UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| TYRONN L. RICKS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 12-CV-2313 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

This case is before the court for ruling on the Motion to Vacate Sentence under 28 U.S.C. § 2255 (#1) filed by Petitioner, Tyronn L. Ricks. Following a careful review of Petitioner's Motion, the Government's Response and Supplemental Response and Petitioner's Reply, Petitioner's Motion (#1) is GRANTED and this case will be set for a resentencing hearing.

BACKGROUND

On June 9, 2010, in Case No. 10-20044, Petitioner was charged by indictment with the offense of knowingly possessing five grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On June 15, 2010, the Government filed a Notice of Prior Convictions pursuant to 21 U.S.C. § 851. The Notice listed Petitioner's two prior convictions in Macon County of manufacture/delivery cocaine and stated that the convictions qualified Petitioner for enhanced sentencing. On January 20, 2011, Petitioner pleaded guilty to the offense charged without a written plea agreement. Under the law in effect at the time of the offense, Petitioner faced a 120 month mandatory

minimum sentence, as well as an 8-year mandatory minimum term of supervised release.

Petitioner was sentenced on May 3, 2011. Prior to sentencing, Petitioner filed a Sentencing Memorandum and asked to be sentenced under the Fair Sentencing Act, which was effective August 3, 2010. This court concluded, based upon the applicable Seventh Circuit authority, that the Fair Sentencing Act did not apply. The Seventh Circuit had held that the Fair Sentencing Act did not apply to offenses that were committed prior to August 3, 2010. See United States v. Fisher, 635 F.3d 336 (7th Cir. 2011). A Presentence Report (PSR) had been prepared which stated that the applicable statutory provisions authorized a sentence of 10 years to life imprisonment. Petitioner's offense level was 34 and, as a career offender, his criminal history category was VI.[1] Petitioner's advisory sentencing guidelines range was 262 to 327 months. It is undisputed that, if Petitioner had been sentenced under the Fair Sentencing Act, his advisory sentencing guidelines range would have been 188 to 235 months.

At sentencing, the Government noted that the two drug convictions that qualified Petitioner as a career offender occurred when he was 17 years old, within a month and a half of each other, and that he served very little time in jail on the convictions. The Government asked for a sentence of 200 months' imprisonment, significantly below the bottom of the sentencing guideline range. Petitioner's counsel concurred with the Government's comments. This court agreed that a downward variance was appropriate and sentenced

---

[1] Petitioner's 18 criminal history points also resulted in a criminal history category of VI.

2

Petitioner to a 190 month sentence, to be followed by an 8-year term of supervised release. This court advised Petitioner that he or the Government could appeal his sentence and that a successful Government appeal could result in a longer sentence. Petitioner did not appeal, and his conviction became final on May 17, 2011.

On July 2, 2012, Petitioner sent this court a letter and asked for a reduction in his sentence in light of the decision of the United States Supreme Court in <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012). In <u>Dorsey</u>, the Supreme Court held that the Fair Sentencing Act applied to defendants who were sentenced after August 3, 2010, the effective date of the Act. <u>Dorsey</u>, 132 S. Ct. at 2326.

This court construed Petitioner's letter as a pro se Motion to Reduce Sentence under the Fair Sentencing Act and appointed counsel to represent Petitioner. On December 28, 2012, Petitioner's counsel filed a Motion to Vacate Sentence under § 2255 (#1) in this case. Petitioner argued that this court's failure to sentence Petitioner under the Fair Sentencing Act deprived him of his right to due process, citing <u>Hicks v. Oklahoma</u>, 447 U.S. 343, 347 (1980). Petitioner stated that the Fair Sentencing Act raised the threshold drug amounts for the relevant pre-Act penalties from 5 to 28 grams. Petitioner stated that, because his offense involved 23.3 grams of crack cocaine, he should not have faced a statutory penalty range of 10 years to life imprisonment, or a mandatory 8-year term of supervised release. Instead, under the Fair Sentencing Act, the statutory penalty range is 0 to 30 years' imprisonment and a 6-year mandatory term of supervised release. Petitioner argued that, by applying the repealed law instead of the Fair Sentencing Act at his sentencing, this court was prevented

from exercising its discretion to impose a proper sentence in this case. Petitioner argued that, like the defendant in <u>Hicks</u>, Petitioner was sentenced based on an incorrect statutory penalty range because of an error that came to light after he was sentenced. Petitioner argued that, because he was sentenced after the effective date of the Fair Sentencing Act, he should have received the benefit of the Act and, if he had, this court would have imposed a lower sentence in this case. Petitioner noted that his sentencing guideline range is now 188 to 235 months and, thus, a downward variance from this range would result in a sentence lower than the 190 month sentence imposed.

Petitioner also argued that he was entitled to resentencing because the sentence imposed in this case results in a complete miscarriage of justice. Petitioner argued that the failure to apply the Fair Sentencing Act in this case illegally increased his sentencing exposure so that his "claim goes to the fundamental legality of his sentence and asserts an error that constitutes a miscarriage of justice, entitling him to relief," quoting <u>Narvaez v. United States</u>, 674 F.3d 621, 630 (7th Cir. 2011).

On January 28, 2013, the Government filed its Response to Petitioner's Motion to Vacate Sentence (#4). The Government acknowledged that, due to the Fair Sentencing Act and the Supreme Court's decision in <u>Dorsey</u>, Petitioner's guideline range and minimum supervised release term is now lower than at his original sentencing. The Government also acknowledged that it had agreed not to oppose Defendant's Motion to Vacate his sentence to permit this court to determine if it wishes to reimpose the same sentence on Petitioner in light of the lower advisory range. The Government stated that it did not agree that a sentence

lower than the original sentence of 190 months, which is towards the bottom of the sentencing range under the Fair Sentencing Act, is appropriate. The Government argued that the original sentence of 190 months' imprisonment and 8 years of supervised release is fair and reasonable. The Government also argued that this court did not deprive Petitioner of his right to due process when it sentenced him in accord with existing Seventh Circuit precedent. The Government also disagreed with Petitioner's argument that this court committed "an error that constitutes a miscarriage of justice." The Government argued that Hicks and Narvaez are not applicable to the situation here. The Government then stated that it did not contest this court's authority to vacate Petitioner's sentence in this case in the interests of justice. The Government argued that it nonetheless asserted that, upon resentencing, the original sentence could be reimposed as Petitioner received a sentence within the range all parties agree now applies.

On February 14, 2013, the Government filed a Supplemental Response to Petitioner's Motion to Vacate Sentence (#5). The Government stated that, because of the Seventh Circuit's recent decision in Hawkins v. United States, 706 F.3d 820 (7th Cir. 2013), it was supplementing its Response to inform the court that Petitioner's advisory guideline claim is not subject to collateral review and must be denied.

This court allowed Petitioner to file a Reply, and his Reply (#7) was filed on March 8, 2013. Petitioner argued that Hawkins has little to do with Petitioner's situation. He noted that he was sentenced under the wrong statute, not just the wrong guideline. Petitioner also stated that he preserved the Fair Sentencing Act issue for appeal and an appeal should have

been filed. Petitioner noted that, had he appealed his sentence, he would have won his appeal and would have been resentenced under the Fair Sentencing Act. Petitioner stated that this is the only Fair Sentencing Act case from the Urbana Division in which the Federal Public Defender failed to file a Notice of Appeal. He argued that this court should appoint a new attorney for him so he can raise an ineffective assistance of counsel claim.

ANALYSIS

Because the Government originally stated that it did not contest this court's authority to vacate Petitioner's sentence in this case in the interests of justice, this court concludes that the sole issue before this court is whether the decision in Hawkins precludes this court from granting that relief, as the Government now asserts.

In Hawkins, the defendant was sentenced as a career offender based upon two prior felony convictions for escape, both of which were "walkaway escapes." Hawkins, 706 F.3d at 821. At the time he was sentenced to a term of 151 months, the guidelines were mandatory. Hawkins, 706 F.3d at 822. After Booker was decided by the Supreme Court, he was resentenced. Hawkins, 706 F.3d at 822. The district court reimposed the 151-month sentence. Hawkins, 706 F.3d at 822. Three years later, the Supreme Court held that an "escape" that takes the form of a failure to report is not a violent felony within the meaning of the Armed Career Criminal Act. Hawkins, 706 F.3d at 822, citing Chambers v. United States, 555 U.S. 122, 127-30 (2009). A walkaway escape is similar and also is not a violent felony within the meaning of that Act or of the similarly worded career offender guideline. Hawkins, 706 F.3d at 822. The defendant filed a § 2255 motion which the district court

denied on the ground that the legal error that it had committed in deeming the escape convictions to be violent felonies was not the kind of error that can be corrected after the judgment in a criminal case becomes final.  Hawkins, 706 F.3d at 822.  The Seventh Circuit affirmed.  It concluded that Narvaez, which held that a sentence that violated the career offender sentencing guideline could be successfully attacked in a postconviction proceeding, was distinguishable because the defendant in Narvaez had been sentenced when the guidelines were mandatory.  Hawkins, 706 F.3d at 822.  The Seventh Circuit determined that "[a]n error in the interpretation of a merely advisory guideline . . . is not a proper basis for voiding a punishment lawful when imposed."  Hawkins, 706 F.3d at 824.

      This court is not convinced that the Hawkins decision precludes vacating Petitioner's sentence under § 2255.  Petitioner was sentenced after the effective date of the Fair Sentencing Act and, based upon the Supreme Court's subsequent decision in Dorsey, there is no question that he should have been sentenced under the provisions of the Fair Sentencing Act.  In its initial Response, the Government stated that it did not contest this court's authority to vacate Petitioner's sentence in this case in the interests of justice.  The Hawkins decision did not involve the Fair Sentencing Act and is not directly on point.  This court therefore concludes that Petitioner can raise the issue of this court's failure to sentence him under the Fair Sentencing Act in a § 2255 motion.  This court further concludes that appointment of new counsel is not necessary because Petitioner does not need to claim that he was denied the effective assistance of counsel in order to obtain the relief he is seeking.

      IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate Sentence under §2255 (#1) is GRANTED. This case is terminated.

(2) Criminal case #10-20044 is set for a telephone status conference on April 25, 2013, at 1:30 p.m. so that a resentencing hearing can be set. Petitioner is to notify the court whether he wishes to appear for resentencing in person or by telephone.

ENTERED this 16th day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE